COFER, Justice,
for the Court:
This case has reached this Court on appeal from a judgment of the Circuit Court of Pike County affirming the decision of the Mississippi Workmen’s Compensation Commission.
Claimant Wilford J. Hamilton, a millwright employed by appellant, M. D. Hayles Lumber, Incorporated, was engaged in the duties of his employment when on April 23, *1076 1970, while placing a wood block under a jack, he suffered an injury to his back. The employer provided certain medical treatment for him and paid to him temporary total disability amounts of $40 per week from April 23, 1970, to December 31, 1972, all payments having been stipulated to amount to $5,600.
There was an adversary hearing before an administrative judge, from whose decision the matter was taken before the full commission which found, on substantial evidence, that claimant had reached maximum medical recovery on April 1, 1975, and that his injury was total and permanent from the date of his injury, that condition not having changed in character or quality, even though there was some degree of medical recovery after the date of the injury. The commission found, however, that 70% of his total and permanent disability was attributable to his prior physical condition, and provided compensation to him based upon a 30% contribution by his injury of April 23, 1970.
The commission’s order directed payment of $40 per week without apportionment, from his injury to April 1, 1975, date of his maximum medical recovery and thereafter at the apportioned rate of $12 per week for the period provided by statute. It further required appellants, the employer and its insurance carrier, to pay or reimburse claimant for all hospital bills, drug bills, and medical charges incurred as a result of his injury, “including two hospitalizations in Mississippi Baptist Hospital in Jackson, and in the Kings Daughters Hospital in Brook-haven.” Travel pay was directed as well as provision for and payment of all reasonable medical services and supplies made necessary to claimant by his injury and the process of his recovery. Appellants were also required to pay the 10% penalty “on all unpaid payments of compensation, computed from the due date of each payment, after having taken credit for all payments of compensation already made.”
The employer and its carrier appealed from the commission’s order, and, on af-firmance thereof by the circuit court, have appealed to the Supreme Court, assigning numerous errors, some of which they have not argued in their briefs, and of all of which we consider as meriting attention by us those assignments that the full commission erred (1) in ordering payment for medical bills other than those relating to the injury here involved; (2) in not making the date of the injury the date from which apportionment should be applied; (3) in not applying apportionment to all permanent total disability benefits, and the total benefits paid to the claimant and, (4) in assigning penalties against the employer and carrier.
Noticing first the second and third errors asserted above, appellants quote Mississippi Code Annotated, section 71-3-7 (1972), which became law on August 9, 1968, and was in force at the time of appel-lee’s injury. Quotation of this section of the code is refutation of appellant’s argument that the commission erred in its apportionment of compensation. Closest scrutiny of this statute will not find a difference between permanent and total injury and injury of lower quality and character.
The second paragraph of the statute reads:
Where a preexisting physical handicap, disease, or lesion is shown by medical findings to be a material contributing factor in the results following injury, the compensation which, but for this paragraph, would be payable shall be reduced by that proportion which such preexisting physical handicap, disease or lesion contributed to the production of the results following the injury.
* * * * * *
(a) Apportionment shall not be applied until the claimant has reached maximum medical recovery.
* * * * * *
(c) After the date the claimant reaches maximum medical recovery, weekly compensation benefits and maximum recovery shall be reduced by that proportion which the preexisting physical handicap, disease, or lesion contributes to the results following injury. (Emphasis added.)
*1077 It takes little effort, we conclude, to find that this statute as to quality and character of injury provides the same test — date of maximum medical recovery — to all claims involving apportionment of recoverable compensation. The commission correctly so held.
In reaching the conclusion that the compensation is not apportionable until the date of maximum medical recovery, it follows that the commission correctly applied the penalty of 10%. Mississippi Code Annotated, section 71-3-37 (1972).
As to the requirement for payment or reimbursement for charges for hospitalization, the record reveals one period in Beac-ham Hospital, Magnolia, Mississippi, two hospitalizations in Doctors’ Hospital, Jackson, and one stay at Baptist Hospital, Jackson, related to the injury and the commission’s finding and adjudication will be modified to reflect only expenses of these hospitalizations rather than those hospitalizations as set forth in the commission’s order.
As modified, the commission’s order is affirmed, and the cause is remanded to the commission for ascertainment of medical and hospitalization expenses actually related to his injury and for computation of penalty for non-payment, if any, of any part of compensation required under its order.
As to the cross appeal, the commission as the facts-finder decided that 70% of appel-lee’s disability arose from a preexisting physical handicap, disease or lesion, and we do not feel we are warranted in holding it to be an erroneous finding.
AFFIRMED AS MODIFIED ON DIRECT APPEAL; AFFIRMED ON CROSS APPEAL; AND REMANDED TO THE COMMISSION.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.